IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD G. GLASS,

      Plaintiff,                         No. CIV S-00-0302 DFL JFM P

  vs.

C.A. TERHUNE, et al.,

      Defendants.                ORDER

_____/

       Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 25, 2005, plaintiff filed a request seeking the court's assistance in complying with this court's July 27, 2005 scheduling order. Plaintiff reiterated his difficulties encountered in attempting to get photocopies for court filings. Defendants were ordered to respond and on October 4, 2005, defendants filed their response. Defendants contend that the difficulties plaintiff encountered were of his own making and point out that since August 18, 2005, plaintiff has filed five motions, a second revised pretrial statement, a request for extension of time, a reply to the response to the motion for sanctions, and a statement of accounting costs. A review of the docket reflects that plaintiff has had access to the court and no adverse action has been taken against him for any alleged failure to timely file a document herein. Based on this record, plaintiff's August 25, 2005 request for assistance will be denied.

1

Plaintiff's June 13, 2005 motion for costs and sanctions is now before the court. Plaintiff contends defendants filed a frivolous appeal and argues that because the district court denied defendants' motion for summary judgment he is a prevailing party and is entitled to attorneys fees and costs.

On March 30, 2004, defendants' motion for summary judgment was partially granted, leaving only plaintiff's claim of excessive force. Plaintiff was not granted judgment as a matter of law on any claim. On April 29, 2004, defendants filed a notice of appeal challenging the denial of their claim of qualified immunity for the excessive force claim. After briefing on the appeal was completed, defendants and plaintiff's counsel on appeal voluntarily withdrew the appeal based on defendants' agreement to pay plaintiff's court costs, not to exceed $200.00. (See Ex. 7 to Defts.' August 25, 2005 Opp'n.)

On May 11, 2005, the Court of Appeals for the Ninth Circuit granted the parties' stipulation to voluntarily dismiss the appeal and awarded plaintiff costs "in an amount not to exceed $200.00." (Ex. 8 to Defts.' August 25, 2005 Opp'n.)

Despite plaintiff's prolific briefing and arguments, plaintiff is not entitled to an award of sanctions. Defendants' appeal was not frivolous; indeed, they were entitled to appeal the denial of their claim of qualified immunity. They were also entitled to stipulate to dismiss the appeal. There is no evidence that defendants pursued a meritless appeal or that they were litigating in bad faith.

Plaintiff is also not entitled to an award of attorneys fees and costs. Plaintiff is not a "prevailing party," either on the basis of the instant record or by virtue of having stipulated to the dismissal of the appeal. Hewitt v. Helms, 482 U.S. 755, 760 (1987)(party must be granted relief on the merits before he can be found a prevailing party). Accordingly, plaintiff's June 13, 2005 motion for costs and sanctions will be denied.

The court now turns to the circuit court's order requiring defendants to reimburse plaintiff's costs on appeal. On September 30, 2005, plaintiff filed a detailed accounting, signed

under penalty of perjury, in which plaintiff seeks reimbursement for costs as well as for many hours of research and investigation time and attorneys fees he claims were expended in litigating the appeal. (Id. at 1,2.) However, the order of the circuit court specifically limited plaintiff's recovery to a sum of costs not to exceed $200.00. Thus, plaintiff is not entitled to reimbursement for anything other than actual costs he incurred in litigating the appeal, and those costs may not exceed $200.00.

In his accounting, plaintiff contends he is entitled to reimbursement for photocopying expenses at the rate of fifty cents per page and claims the following expenses:

| | |
|---|---:|
| May 18, 2004 motion to dismiss appeal for lack of jurisdiction | $ 17.50 |
| September 28, 2004 motion to dismiss the appeal for defendants' failure to file opening brief | $105.00 |
| October 12, 2004 motion and reply | $ 50.00 |
| March 18, 2005 answering brief and record excerpts | $345.00 |
| Total Photocopy Expenses Sought (at 50 cents per) | $517.50 |

Defendants have not contested plaintiff's accounting of expenses. However, this court takes judicial notice[1] that prison officials charge inmates the sum of ten cents per page to photocopy legal documents.[2] It appears plaintiff is seeking reimbursement for 1035 pages of photocopies (517.50 / .50 = 1035). This court finds plaintiff is entitled to reimbursement at the rate of ten cents per page, for an award of photocopy expenses in the amount of $103.50.

Plaintiff also seeks reimbursement for postal expenses of $75.00 for mailing the above documents to the appeals court and to counsel for defendants. Defendants have not challenged this figure. The court will allow reimbursement of this expense.

This court finds that plaintiff expended the sum of $103.50 in photocopy expenses and $75.00 in postage expenses, and therefore is entitled to reimbursement in the total amount of

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] For example, in Case No. CIV S-03-1193, the Deputy Attorney General filed a declaration stating that the cost of photocopying is $.10 per page. (See June 16, 2005 Declaration of Dennis Gunter, Litigation Coordinator, attached as Ex. A to Opp'n.)

1 | $178.50 under the May 11, 2005 order of the Court of Appeals for the Ninth Circuit.  Defendants
2 | will be directed to pay plaintiff the sum of $178.50 within thirty days from the date of this order.
3 |         Accordingly, IT IS ORDERED that:
4 |         1.  Plaintiff's August 25, 2005 request for assistance is denied;
5 |         2.  Plaintiff's June 13, 2005 motion for costs and sanctions is denied; and
6 |         3.  Defendants shall pay plaintiff the sum of $178.50 as reimbursement for his
7 | costs on appeal within thirty days from the date of this order.
8 | DATED:   October 13, 2005.

[Signature]

UNITED STATES MAGISTRATE JUDGE

/001; glass0302.san