IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GLASS,

    Plaintiff,                                                  No. CIV S-00-0302 DFL JFM P

    vs.

CAL. TERHUNE, et al.,

    Defendants.                                     ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 2, 2005, this court issued its pretrial order and allowed the parties fifteen days in which to file objections. Defendants filed objections on November 17, 2005. After receiving an extension of time, plaintiff filed objections on December 2, 2005. The court will now address the objections seriatim.

1. Defendants' Objections

        Defendants object that they did not receive fair notice that plaintiff was pursuing two claims of excessive force which started with the cell extraction. However, as plaintiff points out, the facts contained in his second amended complaint were sufficient to give fair notice of plaintiff's claims of excessive force concerning the cell extraction. (Id. at 3, ¶ 23.) The Court of Appeals for the Ninth Circuit requires this court to liberally construe pro se filings. Plaintiff's

1

1  complaint was sufficiently detailed to provide defendants with notice of plaintiff's claims.

2  However, because defendants were under the misapprehension that the cell
3  extraction was not at issue herein, the court will grant defendants' request to amend the pretrial
4  order to include an additional witness, photographs and a diagram. Fed. R. Civ. P. 16(e).
5  Plaintiff's objection to this request is overruled. Defendants will be allowed to add Officer Eilers
6  as a witness and to offer, as trial exhibits, additional photographs of plaintiff's cell after he was
7  removed and a diagram showing the location of plaintiff's cell on the tier.

8  Defendants also object to the court allowing plaintiff to call Dr. Sakamoto as a
9  treating doctor for the injuries plaintiff allegedly sustained herein. Defendants argue that the
10 court's prior ruling that plaintiff had alleged that Dr. Sakamoto was not present when plaintiff's
11 head injuries were being treated means that Dr. Sakamoto was not a percipient witness and
12 therefore should not testify herein. (See Order filed May 10, 2000 at 3.)

13 The pertinent parts of that order read as follows:

> Plaintiff has named as defendants an individual identified as Dr. Sakamoto (also identified as A. Sakamura, M.D.) and an individual identified as M.T.A. McGee. The sole charging allegations against these individuals are that they acted with deliberate indifference to plaintiff's serious medical needs when Dr. Sakamura directed M.T.A. McGee to shave and perform surgery on plaintiff's head without Dr. Sakamura present, and that the procedure was "outside defendant (M.T.A.) McGee [sic] field of expertise as a Medical Technical Assistant." (Complaint, filed February 14, 2000, at 5.)
>
> . . .
>
> Plaintiff does not allege that M.T.A. McGee performed the procedures inadequately or that plaintiff suffered any injury as a result of M.T.A. McGee's actions. For these reasons, the court will not order service of process on Dr. Sakamoto or M.T.A. McGee.

23 (May 10, 2000 Order at 3.) Arguably, Dr. Sakamoto was treating plaintiff when he directed
24 /////
25 /////
26 /////

2

1  M.T.A. McGee's actions with regard to plaintiff whether Dr. Sakamoto was present or not.[1]

2  However, in plaintiff's reply, plaintiff does not assert that Dr. Sakamoto was a treating physician.

3  Rather, plaintiff states only:

> Defendants argue that their two proposed expert witnesses . . . [are] percipient witnesses, but Dr. Sakamoto . . . [is not] a witness to testify at trial. Defendants are worried that Dr. Sakamoto may not lie for them on the stand.

(Pl.'s December 2, 2005 Response at 4.)  Plaintiff does not substantively address Dr. Sakamoto in plaintiff's objections, but focuses on Dr. McRae.  (Pl.'s Objections at 2-3.)  Because plaintiff has not demonstrated that Dr. Sakamoto physically treated plaintiff for the alleged injuries sustained herein, and therefore has personal knowledge of the extent of injuries plaintiff suffered, Dr. Sakamoto is not a percipient witness and defendants' objection is sustained.  Dr. Sakamoto will be removed from the witness list.

2. Plaintiff's Objections

Plaintiff objects to the denial of Linda Melching's testimony regarding Appeal No. CMF-M-98-0213.  (December 2, 2005 Objections at 1.)  Plaintiff sets forth three reasons Ms. Melching should be subpoenaed to testify herein, all of which relate to issues of administrative exhaustion.  (Id. at 2.)  Exhaustion of administrative remedies is not at issue here; accordingly, plaintiff's objection is overruled.

Plaintiff objects to the denial of Dr. McRea's testimony.  (Id. at 3.)  Plaintiff states that Dr. McRea medically treated plaintiff almost on a weekly basis from December 24, 1997 through 1998 and would testify that plaintiff complained of head, back, face and shoulder pain for months, and could verify plaintiff filed numerous health care services forms.  (Id. at 3.)  In addition, plaintiff contends Dr. McRea was "a part of the Willis Classification Committee (ICC) who could and would contravene defendants' expert witnesses and other documentary evidence."

---

[1] M.T.A. McGee is listed as a percipient witness herein.

Thus, it appears Dr. McRea is relevant to help the jury assess plaintiff's injuries as well as to offer rebuttal testimony. Plaintiff's objection will be sustained and Dr. McRea will be added to plaintiff's witness list for trial.

Plaintiff objects to the removal of inmate Giraldes from the witness list. Plaintiff argues that his declaration submitted in support of his motion to obtain Giraldes' testimony (September 12, 2005 Motion at 3-4), is sufficient to meet the requirements of this court's May 27, 2003 revised scheduling order. The court previously denied plaintiff's request to call inmate Giraldes because inmate Giraldes' declaration did not demonstrate Giraldes was a percipient witness. (See Ex. 2 to October 11, 2005 Response.)[2] A review of plaintiff's declaration demonstrates that plaintiff declares inmate Giraldes witnessed defendants "use pepper spray and attack and beat [him] on December 23, 1997." Good cause appearing, plaintiff's objection is sustained. Inmate Giraldes will be added to plaintiff's witness list.

Plaintiff also objects to the denial of his request to call proposed inmate witness A. Martinez. In addition, on December 23, 2005, plaintiff filed a request to reconsider this court's November 16, 2005 order denying plaintiff's motion to allow inmate Martinez to testify at plaintiff's trial. Appended to plaintiff's December 23, 2005 request was an affidavit by inmate Martinez confirming he was a percipient witness to the events at issue herein.

Local Rule 72-303(b), states "rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten court days . . . from the date of service of the ruling on the parties." E.D. Local Rule 72-303(b). Thus, plaintiff's request for reconsideration of the undersigned's order of November 16, 2005 was technically untimely.

---

[2] Inmate Giraldes declared he overheard Officer Bernett's exchange with plaintiff over plaintiff's food tray and he declared he heard Officer Bernett falsify an assault charge against plaintiff. (Id.) These events appear to precede the application of pepper spray and the extraction of plaintiff from his cell. But plaintiff declares inmate Giraldes also witnessed the use of pepper spray on plaintiff as well as the alleged attack on plaintiff. (September 12, 2005 Decl. at 3.) Because inmate Giradles' affidavit does not contradict that statement, plaintiff's request will be granted.

1  However, because plaintiff timely objected in his December 2, 2005 objections to the pretrial
2  order, the court will deem his request for reconsideration timely.

3  Because inmate Martinez is a percipient witness, plaintiff's objection is sustained
4  and his motion to reconsider will be granted. Plaintiff will be allowed to call inmate A. Martinez
5  as a witness at trial.

6  Plaintiff objects to the court's designation of defendants' expert witnesses Brian
7  Yee, M.D. and Associate Warden Sterling O'Ran because they were not percipient witnesses to
8  the events of December 23, 1997. Plaintiff further asserts that defendants failed to timely
9  disclose these experts and plaintiff has not been provided copies of their deposition transcripts.

10  Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure provides that "[i]n the
11  absence of other directions from the court or stipulation by the parties, the disclosures shall be
12  made at least 90 days before the trial date or the date the case is to be ready for trial." (Id.) The
13  May 27, 2003 revised scheduling order made no provision for an expert disclosure deadline, so
14  Fed. R. Civ. P. 26(a)(2)(C) controls. Because trial in this matter is not set until May 22, 2006,
15  and plaintiff was informed of these expert witnesses in defendants' September 30, 2005 pretrial
16  statement, plaintiff's objection is overruled.

17  Plaintiff requests that the court allow plaintiff to designate inmate witnesses
18  Vincent Hall (K-40762) and David Anderson (C-36800) to testify at trial or in the alternative to
19  use their affidavits as evidence at trial to rebut Dr. Yee's testimony. (December 2, 2005
20  Objections at 10.) Plaintiff's right to call rebuttal witnesses was preserved in the pretrial order.
21  These witnesses will be added to plaintiff's list of witnesses to be called at trial.

22  Plaintiff objects to the admission of any portion of his medical records before
23  September 22, 2000 or after June 28, 1998. Plaintiff argues that defendants intend to introduce
24  medical records in excess of seven years and approximately 4,000 pages, including items that are
25  irrelevant to this lawsuit. Plaintiff asks the court to limit the use of plaintiff's medical records to
26  the time period 1997 to June 1998, which he argues is the time period relevant to the injuries

1  sustained herein.

2  However, although the time frame set forth for the defendants' use of plaintiff's
3  medical records was from June 1997 through the present, the nature of the medical records which
4  were permitted was limited to those records which pertained to the injuries plaintiff allegedly
5  sustained on December 23, 1997.  Thus, plaintiff's objection will be overruled.  It is unlikely the
6  trial judge would permit defendants to admit 4,000 pages of medical records and it is the trial
7  judge who will ultimately decide what documents are admitted into evidence at trial.  In addition,
8  the pretrial order provided that any objections to exhibits were to be filed ten days before trial.

9  Plaintiff also objects to the admission of confidential portions of plaintiff's central
10 file.  Plaintiff contends that in the event that the court permits the admissibility of any portion of
11 plaintiff's central file not related to the December 23, 1997 incident of excessive force, the court
12 should instruct defendants to produce copies of the personnel files for Officers Allen, Jones,
13 Pacheco, Sampson, Powe and Stubbs, Sgt. Key, Lt. Robbins, Captain Carlson and Associate
14 Warden Graham, "in all due fairness."  (Objs. at 11.)  Plaintiff's objection will be duly noted in
15 the disputed evidentiary issues portion of the final pretrial order.

16 In section H of plaintiff's objections, plaintiff asks the court to order defendants to
17 produce an index of those documents contained in the confidential portion of plaintiff's central
18 file as well as the designated portions of the personnel files of defendants Allen, Carlson, Key,
19 Graham, Jones, Pacheco, Powe, Robbins, Sampson and Stubbs, "to reduce the number of
20 documents to be submtited for the court's in camera review." (Objs. at 12.)  Plaintiff is advised
21 that no in camera review has been ordered.  Plaintiff's objection concerning the confidential
22 nature of these documents has been noted in the disputed evidentiary issues portion of the final
23 pretrial order.  The trial judge will address those objections as he deems appropriate.
24 /////
25 /////
26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. The objections to the November 2, 2005 are sustained in part and overruled in part, as noted above; by separate order the court will issue a Final Pretrial Order; and

2. Plaintiff's November 16, 2005 request for reconsideration is granted.

DATED: March 6, 2006.

UNITED STATES MAGISTRATE JUDGE

/001;glas0302.851