IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD A. GLASS,

       Plaintiff,                        No. CIV S-00-0302 DFL JFM P

   vs.

CAL TERHUNE, et al.,

       Defendants.               FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.  On March 24, 2006, defendants filed a motion to stay this action pending decision in <u>Jones v. Bock</u>, Supreme Court Case No. 05-7058, and <u>Williams v. Overton</u>, Supreme Court Case No. 05-7142.  Plaintiff opposes the motion.

       Defendants contend that rulings in these pending United States Supreme Court cases will be dispositive of plaintiff's right to pursue this matter, because the court will resolve the "total exhaustion rule" and the Sixth Circuit's bright-line exhaustion rule.  The Supreme Court granted certiorari in <u>Jones</u> and <u>Williams</u> on March 6, 2006; both cases were appealed from the Court of Appeals for the Sixth Circuit.

1  On February 14, 2000, plaintiff filed this complaint, alleging, *inter alia*, claims of
2  excessive force and failure to protect in violation of his constitutional rights. By order filed
3  March 26, 2003, the district court denied defendants' motion to dismiss the entire case based on
4  plaintiff's alleged failure to exhaust all of his claims, but dismissed plaintiff's unexhausted
5  claims.

6  A district court has discretion to stay proceedings before it. Landis v. North
7  American Co., 299 U.S. 248, 254 (1936). "Only in rare circumstances will a litigant in one cause
8  be compelled to stand aside while a litigant in another settles the rule of law that will define the
9  rights of both." Landis, 299 U.S. at 255. The Court of Appeals for the Ninth Circuit has
10 recounted the factors used to evaluate whether application of a stay is warranted:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

16 Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

17  Despite defendants' arguments to the contrary, this court does not find that this
18 case presents the circumstances necessary to warrant staying this civil rights action which has
19 been pending over six years.

20  In accordance with the above, IT IS HEREBY RECOMMENDED that
21 defendants' March 24, 2006 motion for stay be denied.

22  These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties. Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  April 20, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

001;glas0302.sta