IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GLASS,

    Plaintiff,                                 No.  CIV S-00-0302 JKS JFM P

    vs.

C.A. TERHUNE, et al.,

    Defendants.

_____/    FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding in propria persona and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.  This matter is presently set for jury trial on September 24, 2007, at 9:00 a.m. in Courtroom #7.

        On June 5, 2007, nonparty Richard Stanley, an inmate housed near plaintiff, wrote the court concerning events he witnessed on April 28, 2007 and declared under penalty of perjury that all of plaintiff's property had been removed, leaving plaintiff with no means to file any kind of motion or inform the court of events that had happened.  (Id.)  The court ordered defendants to file a declaration confirming plaintiff has access to his legal materials and supplies, particularly given the upcoming trial date.  On July 3, 2007, defendants filed an opposition and aver that plaintiff "has enjoyed uninhibited access to his legal materials and supplies since May 2, 2007."

        Plaintiff has filed nothing in response, either to Mr. Stanley's filing or to defendants' opposition.

1

1     The principal purpose of preliminary injunctive relief is to preserve the court's
2 power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11
3 Federal Practice and Procedure, § 2947 (1973).  In addition to demonstrating that he will suffer
4 irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair
5 chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International,
6 Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International
7 Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit
8 in this required showing is that the relief awarded is only temporary and there will be a full
9 hearing on the merits of the claims raised in the injunction when the action is brought to trial.

10     The claim underlying Mr. Stanley's filing, construed as a motion for preliminary
11 injunctive relief, is that prison officials at Corcoran were depriving plaintiff of access to the
12 court.  However, it appears plaintiff's property was temporarily removed on April 28, 2007 based
13 on his threat to violate prison rules by using his property to cover his windows.  His property,
14 including his legal and writing materials, was returned on May 2, 2007.  Plaintiff has not filed
15 anything in rebuttal.  Such a temporary deprivation does not warrant injunctive relief because
16 plaintiff cannot demonstrate irreparable injury or likely success on the merits.  Thus, the May 2,
17 2007 filing by Mr. Stanley, construed as a request for injunctive relief, should be denied.

18     Accordingly, IT IS HEREBY RECOMMENDED that the May 2, 2007 filing by
19 Richard J. Stanley, construed as a motion for injunctive relief, be denied.

20     These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
25 /////
26 /////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 23, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

001;glas0302.pi