IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GLASS,

    Plaintiff,                                 No.  CIV S-00-0302 JKS JFM P

    vs.

C.A. TERHUNE, et al.,

    Defendants.

                            /           ORDER

        Plaintiff is a state prisoner proceeding in propria persona and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.  This matter is presently set for jury trial on September 24, 2007, at 9:00 a.m. in Courtroom #7.

        On July 24, 2007, findings and recommendations issued recommending that nonparty Stanley's motion for preliminary injunctive relief be denied because it appeared plaintiff's property was temporarily removed.  (Id. at 1-2.)  On August 17, 2007, plaintiff was granted an extension of time until August 23, 2007 in which to file objections to the findings and recommendations.

        On August 6, 2007, plaintiff filed a motion requesting trial subpoena duces tecum for nonparties R. Davis, D.J. Ruiz, T. Cano, J. Gonzales, G. Gomez and J. Guzman to appear in district court and produce all of plaintiff's confiscated legal materials from storage in 4A-SHU facility law library and property room.  Plaintiff contends these nonparties are denying plaintiff

1

access to his legal materials to intentionally obstruct plaintiff's ability to prosecute this lawsuit or to comply with court orders in this action. Specifically, plaintiff contends this deprivation prevents him from complying with this court's April 6, 2007 order requiring the exchange of exhibits and the filing of proposed jury instructions, voir dire, objections to exhibits and motions in limine. (April 6, 2007 Order at 1-2.)

On July 3, 2007, defendants were required to address the status of plaintiff's access to his legal materials and supplies. Defendants responded that based on plaintiff's April 28, 2007 threat to cover his prison cell windows, plaintiff's personal property, including legal property and writing materials, was removed from his cell. (July 30, 2007 Opp'n at 2.) However, defendants state that "all of his property was promptly returned to him on May 2, 2007." (Id.)

On July 26, 2007, plaintiff filed a document entitled "Plaintiff Donald Glass' Nunc Pro Tunc Reply to Defendants' Opposition for Injunctive Relief." (Id.) Plaintiff contends that the alleged April 28, 2007 threat was fabricated to provide prison guards with a reason to confiscate plaintiff's personal and legal materials. Plaintiff contends that Correctional Officer J. Gonzales retained possession and control of plaintiff's important court documents, trial exhibits, law books, and motions from defendants and plaintiff. (Id. at 2.) Plaintiff states that on May 8, 2007 and June 19, 2007, prison officials arranged for Correctional Officer Gonzales to leave plaintiff's confiscated legal materials in 4A SHU facility law library to allow plaintiff to personally select any legal materials needed in this action. (Id.) Plaintiff states that he found important court documents on June 19, 2007 that were not there on May 8, 2007, but that many other important and relevant court documents, trial exhibits and evidence are unaccounted for or have been misappropriated by Correctional Officer Gonzales. (Id. at 2-3.) Plaintiff states Officer Gonzales informed Law Library Officer G. Gomez that plaintiff must mail home certain legal/law books because plaintiff has too many and cannot possess but a certain amount or violate Operational Procedure §§ 222 & 806. Plaintiff appends a declaration from inmate

McCoy who confirms he overheard Officer Gomez inform plaintiff that Officer Gonzales was preparing to send his legal books and documents home.  (July 26, 2007 Opp'n, Ex. C.)

On August 27, 2007, plaintiff filed his objections to the July 24, 2007 findings and recommendations.  Plaintiff contends that nonparties Captain R. Davis, Lt. D.J. Ruiz, Sgt. T. Cano, Correctional Officer G. Gomez, J. Gonzales and Library Technical Assistant J. Guzman are withholding plaintiff's legal materials to prevent plaintiff from exchanging exhibits and/or to prejudice plaintiff at trial.

Defendants have not responded to plaintiff's July 26, 2007 or August 6, 2007 filings.

Because plaintiff has now filed his own motion concerning his access to his legal materials, the findings and recommendations and objections addressing nonparty Stanley's motion will be forwarded to the district court.  This court will address anew plaintiff's allegations that certain nonparty prison employees are depriving plaintiff of his legal materials.  Moreover, because the trial date is rapidly approaching, this matter will be set for telephonic status conference on Tuesday, September 4, 2007, at 11:00 a.m.  Counsel for defendants shall set up the conference call with plaintiff and call chambers at (916) 930-4180 at that date and time.  Counsel shall be prepared to address the location and quantity of all of plaintiff's legal materials, as well as plaintiff's access to it.

This case has been pending for over seven and one-half years and this court has issued the writs of habeas corpus ad testificandum for trial on September 24, 2007.  The location and status of plaintiff's legal material is a very serious matter.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is set for telephonic status conference on Tuesday, September 4, 2007, at 11:00 a.m.; counsel for defendants shall set up and initiate the phone call to chambers as set forth above; and

/////

2. Plaintiff and counsel shall be prepared to address plaintiff's allegations as set forth above; in addition, plaintiff and counsel shall be prepared to address the location and quantity of all of plaintiff's legal materials, as well as plaintiff's access to them.

DATED: August 28, 2007.

                                   UNITED STATES MAGISTRATE JUDGE

001;glas0302.fil